1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABATHA FRERKS, et al., | CASE NO. C19-978RSM |
| Plaintiffs, | ORDER |
| v. | |
| TODD P. WOLF, et al., | |
| Defendants. | |

## I.      INTRODUCTION

This matter is before the Court on two motions to dismiss filed by the defendants that have appeared in this matter. Dkts. #21 and #22. The moving defendants argue that this Court should dismiss the action because it lacks subject matter jurisdiction and personal jurisdiction and because this Court is an improper venue.[1]  Also pending before the Court is a motion by Plaintiff, Tabatha Frerks, seeking witness protection. Dkt. #44. For the reasons explained below, the defense motions are granted, and Plaintiff's motion is denied.

## II.      BACKGROUND

Plaintiffs Tabatha Frerks and Charles Frerks initiated this action against the Honorable Judge Todd P. Wolf, Denis M. Wyssbrod, Richard Fuller ("Defendant Fuller"), Robert Konkol

---

[1] Defendant Rural Mutual Insurance Company, Inc. also asserts that Plaintiffs have not effected proper service upon it. Dkt. #21 at 1.

ORDER – 1

("Defendant Konkol"), Amy Jahnke ("Defendant Jahnke"), Anderson, O'Brien, Bertz, Skerns & Golla, LLP ("Defendant Law Firm"), Rural Mutual Insurance Company ("Defendant Rural"), and DMW WIS, LLC. Plaintiffs, and perhaps Plaintiffs' associated business entities, had some interest in Wisconsin real property, upon which Mr. Wyssbrod initiated a foreclosure action in Wisconsin state court. Dkt. #8-2. Defendants Fuller, Konkol, and Jahnke—all attorneys for Defendant Law Firm—represented Mr. Wyssbrod in the foreclosure action. Dkt. #8-5 at 3. Judge Wolf presided over the Wisconsin state court foreclosure action. *Id.* at 2.

At some point during the state court proceedings, a receiver appears to have been appointed. Dkt. #8-6 at 91–94. While under the control of the receiver, the property was damaged. *Id.* Plaintiffs alleged that the receiver intentionally aided in the occurrence of the damage and made a claim with their insurer, Defendant Rural. *Id.* Plaintiffs were unhappy with Defendant Rural's resolution of the claim, but the damage appears to have been remediated. *Id.* At the eventual foreclosure sale, Defendant DMW WIS LLC—associated with Mr. Wyssbrod— purchased the Wisconsin property. *Id.* at 189–92.

## III. DISCUSSION

### A. This Court Lacks Personal Jurisdiction

#### 1. Legal Standard

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). For a motion based on written materials rather than on an evidentiary hearing, the plaintiff's pleadings and any affidavits only need to make a prima facie showing of facts supporting personal jurisdiction. *Id.* Any conflicts over jurisdictional facts must be resolved in the plaintiff's favor. *Id.*

ORDER – 2

Due process protects a defendant's liberty interest by only subjecting defendants to binding judgements in forums with which the defendant has established "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction exists in two forms: general and specific. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). A defendant is subject to general jurisdiction when it maintains "continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801.

Specific personal jurisdiction turns "on the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). That is, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). More specifically, the Ninth Circuit applies a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

ORDER – 3

(1985)) (quotation marks and alteration omitted).  The plaintiff has the burden of proving the first two prongs.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

### 2.  Plaintiffs Do Not Establish Personal Jurisdiction

This case is properly dismissed for a lack of personal jurisdiction.  Plaintiffs do not allege that any of the moving defendants have any contacts with the State of Washington.[2]  *See* Dkts. #8 and #43.  The only reference to Washington is Plaintiffs' self-identification as Washington residents.  Dkt. #8 at 3.  Plaintiffs identify Defendant Rural as a business incorporated and operating in Wisconsin.  *Id.* at 4.  Plaintiffs identify Defendant Law Firm as a firm formed and operating in Wisconsin.  *Id.* at 3.  Plaintiffs identify Defendants Konkol, Fuller, and Jahnke as citizens of Wisconsin.  *Id.*

The moving defendants likewise confirm Plaintiffs' allegations as to their connections to Wisconsin and establish that they otherwise have insufficient contacts with Washington.  *See* Dkt. #23 at ¶¶ 3–7; Dkt. #25 at ¶¶ 2–7;[3] Dkt. #27 at ¶¶ 2–7;[4] Dkt. #28 at ¶¶ 2–8;[5] Dkt. #29 at ¶¶ 2–7.[6]  Plaintiffs do not present additional evidence or argue that any of the moving defendants have minimum contacts with Washington.  Dkt. #43.  Nor do Plaintiffs allege that any relevant actions occurred in Washington or that any of the Plaintiffs' claims arose from actions associated with Washington.

---

[2] Similarly, Plaintiffs do not assert that the three defendants that have not appeared—the Honorable Judge Wolf, Mr. Wyssbrod, and DMW WIS, LLC—have any contacts with the State of Washington.  Dkt. #8 at 4.

[3] Defendant Law Firm is forthcoming that it has represented fifteen clients with connections to Washington, but that those matters appear to have occurred in Wisconsin.  Dkt. #25 at ¶ 7.

[4] Defendant Fuller indicates he traveled to Washington in approximately 1982.  Dkt. #27 at ¶ 8.

[5] Defendant Jahnke indicates she now resides in Colorado and once spent two days in Washington, on vacation.  Dkt. #28 at ¶¶ 3, 9.

[6] Defendant Konkol has traveled to Seattle three times for personal reasons.  Dkt. #29 at ¶ 8.

The sole arguable basis[7] upon which Plaintiffs claim that the moving defendants are subject to this Court's personal jurisdiction is a provision of the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1965(a)–(b) (providing that a civil RICO action may be initiated in a district court "in which such person resides" or has minimum contacts and that the district court may summon related defendants that reside outside of the district). At first blush, the Court notes that Plaintiffs present no legal authority establishing that a Congressional statute can limit the U.S. Constitution's due process protections. While a novel and interesting theory, Plaintiffs also do not provide any legal support for invoking that provision where no defendant is subject to the personal jurisdiction of the Court. *C.f. Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) ("For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators."). Plaintiffs' argument lacks legal support and the Court need not consider it further.[8]

**B. Plaintiff's Motion for Witness Protection**

Plaintiff Tabatha Frerks has filed what she terms a "Motion for Order to Grant Plaintiffs' Protection into the Federal Witness Protection Program." Dkt. #44. Regardless, the Court's serious concerns over the viability of this action make it inappropriate to address the merits of Plaintiff's motion. The Court has previously denied Plaintiffs' motion for entry of default against

---

[7] Defendant Rural notes that Plaintiffs did not plead claims under the Racketeer Influenced and Corrupt Organizations Act in their complaint. Dkt. #47 at 8–9.

[8] The Court similarly does not need to address the other issues brought forth in the moving defendants' motions. While the arguments appear valid, the Court finds that the plain lack of personal jurisdiction dictates that the Court not consider the merits of those arguments.

the non-appearing defendants on the basis that Plaintiffs did not establish proper service as to those defendants. Dkt. #35. The Court now finds that none of the appearing defendants are subject to this Court's personal jurisdiction. There being no indication that Plaintiffs' claims will proceed before this Court, the Court denies Plaintiff's motion without prejudice.

## IV.  CONCLUSION

Having considered the motions, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS:

1.  That Defendant Rural Mutual Insurance Company, Inc.'s Fed. R. Civ. P. 12(b) Motion to Dismiss (Dkt. #21) is GRANTED. All Plaintiffs' claims against Rural Mutual Insurance Company, Inc., are DISMISSED without prejudice.

2.  That Defendants Fuller, Konkol, Jahnke, and Anderson, O'Brien, Bertz, Skerns & Golla LLP's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(3) (Dkt. #22) is GRANTED. All of Plaintiffs' claims against Defendants Fuller, Konkol, Jahnke, and Anderson, O'Brien, Bertz, Skerns & Golla LLP are DISMISSED without prejudice.

3.  Plaintiff, Tabatha Frerks' Motion for Order to Grant Plaintiffs' Protection into the Federal Witness Protection Program Under the Crimes Victims Rights Act & Racketeering Influenced and Corrupt Organization Act with Attached Affidavit (Dkt. #44) is DENIED without prejudice.

Dated this 19 day of February, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6