UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABATHA FRERKS, et al., | CASE NO. C19-978 RSM |
| Plaintiffs, | ORDER |
| v. | |
| TODD P. WOLF, et al., | |
| Defendants. | |

This matter is before the Court following Plaintiffs' Response to Order to Show Cause. Dkt. #52. On February 19, 2020, the Court noted that Plaintiffs had not filed proofs of service as to three defendants as required by the Federal Rules of Civil Procedure. Dkt. #51 at 1. The Court further noted Plaintiffs' ninety days to serve defendants had expired. Dkt. #51 at 1 (citing FED. R. CIV. P. 4(m)). The Court accordingly ordered Plaintiff to respond and explain

> (1) the manner in which Plaintiffs have served these defendants in accordance with the Federal Rules of Civil Procedure, and (2) if defendants have not yet been served in accordance with the Federal Rules of Civil Procedure, why the Court should allow Plaintiff additional time to properly serve defendants.

Dkt. #51 at 2.

ORDER – 1

Plaintiff's Response directed the Court to a September 24, 2019 affidavit of service which the Court believes is document 42.[1] Dkt. #52 at 2. Plaintiffs further indicate that since that September 24, 2019 filing, they "believed they had properly demonstrated to the court service by mail is adequate and was effectively completed." *Id.* Nevertheless, Plaintiffs again explain that they rely on "FRCP 4(d)(7)"—which does not exist—and "FRCP 4(e)(1)." *Id.*

To the extent Plaintiffs rely on Rule 4(d) to argue that mailing a waiver of service request to the defendants was sufficient, they are wrong. *See Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356 (D.C. Cir. 2007) (Rule 4(d) permits waiver of service—effective on filing of the completed waiver—but does not permit service by mail); FED. R. CIV. P. 4(d)(2) (imposing "the expense later incurred in making service" if waiver is not signed and returned without good cause).

Plaintiffs argument that service was proper under Rule 4(e)(1) is similarly unavailing. That rule allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(e)(1). Plaintiffs point to Revised Code of Washington section 4.28.080(17) providing:

> where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address. For the purposes of this subsection, "usual mailing address" does not include a United States postal service post office box or the person's place of employment.

WASH. REV. CODE § 4.28.080(17). But Plaintiffs have not attempted to make the required showing for service under that provision of Washington law. Plaintiffs have not shown that they

---
[1] Plaintiffs cite to document 40, but the Court believes this is a mistake.

ORDER – 2

were unable to serve defendants "with reasonable diligence," that they left copies at defendants' "usual mailing address with a person of suitable age and discretion," or that they mailed a copy to defendants' "usual mailing address." Accordingly, Plaintiffs do not establish that they have properly effected service in accordance with the Federal Rules of Civil Procedure.

Lastly, Plaintiffs request "additional time to perfect their error because plaintiffs have clearly demonstrated good cause for this extension of time and an extension of time is proper pursuant to FRCP 4(m)." Dkt. #52 at 4. While Plaintiffs' arguments that they have properly served the absent defendants lack legal merit, the Court notes the reasonable possibility that Plaintiffs, proceeding pro se, may have misunderstood the applicable legal requirements. Having explained that Plaintiffs have not properly served the absent defendants, the Court will grant Plaintiffs' request for an extension of time to effect service.[2]

Accordingly, the Court finds and ORDERS that Plaintiffs must properly serve the remaining defendants within thirty (30) days of the date of this Order. No further extensions will be granted. Failure to properly serve the remaining defendants will result in dismissal of this case.

Dated this 5th day of March 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court does wish to note for Plaintiffs, however, that many of the Court's concerns resulting in dismissal of other defendants for a lack of personal jurisdiction (Dkt. #50) may apply to the unserved defendants as well and this Court may similarly lack personal jurisdiction over those defendants.

ORDER – 3