UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABATHA FRERKS, et al., | CASE NO. C19-978 RSM |
| Plaintiffs, | ORDER |
| v. | |
| TODD P. WOLF, et al., | |
| Defendants. | |

This matter is before the Court on two motions filed by Plaintiffs. Dkts. #54 and #55. Plaintiffs' motions follow the Court's order "that Plaintiffs must properly serve the remaining defendants within thirty (30) days of the date of this Order." Dkt. #53 at 3. The Court warned that it would not grant further extensions and would dismiss the action if the defendants were not properly served. *Id.* Eleven days later, Plaintiffs filed a "Motion for Leave to Proceed in Forma Pauperis Under 28 U.S.C. § 1915 and Request for Service of Summonses Pursuant to Fed. R. Civ. P. 4(c)(3)" ("Motion for Service"). Dkt. #54. Concurrently, Plaintiffs filed a "Motion for Leave to Amend and Add Summonses Under Fed. R. Civ. P. 4." Dkt. #55. The Court resolves the Motions as follows.

Plaintiffs' motion for service is little more than an attempt to sidestep the Court's order that Plaintiffs attempt to properly serve the remaining defendants. Plaintiffs request that the

ORDER – 1

Court order the U.S. Marshal to effect service. Dkt. #54. Federal Rule of Civil Procedure 4 does permit the Court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). That Rule requires assistance for a plaintiff proceeding *in forma pauperis* ("IFP") or as a seaman, but otherwise leaves the consideration to the discretion of the courts. Mindful that Rule 4 was amended primarily to relieve the marshals from having to effect service in private actions, courts often require a showing that a non-IFP plaintiff attempted some form of proper service. *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4 (D.C. Col. 2003); *Oliver v. City of Oceanside*, No. 16-CV-00565-BAS(JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016). The Court has explained why Plaintiffs' previous service by mail was not sufficient. Dkt. #53. Plaintiffs do not point to any new or legitimate attempts at service. *See* Dkt. #54. Accordingly, the Court will not order service by U.S. Marshal at this time.

Thinking proactively, Plaintiffs seek IFP status to constrain the Court's exercise of discretion. *Id.* Plaintiffs' previously applied for IFP status but elected to pay the filing fee rather than make the showing necessary to support a grant of IFP status. Dkts. #6–8. Now, Plaintiffs once again seek to proceed IFP. Dkt. #54. Plaintiffs provide no explanation for their needed change in status. The Court will not allow Plaintiffs to manipulate their IFP status as a mere litigation tactic. The Court denies their application.

Secondly, Plaintiffs seek amended summonses. Federal Rule of Civil Procedure 4(a)(2) does provide for the issuance of amended summonses. Plaintiffs indicate that the amendments and additions are necessary updates to allow for proper service. That appearing to be the case, the Court grants Plaintiffs' Motion.

Accordingly, the Court finds and ORDERS that:

ORDER – 2

1. Plaintiffs' "Motion for Leave to Proceed in Forma Pauperis Under 28 U.S.C. § 1915 and Request for Service of Summonses Pursuant to Fed. R. Civ. P. 4(c)(3)" (Dkt. #54) is DENIED.
2. Plaintiffs' "Motion for Leave to Amend and Add Summonses Under Fed. R. Civ. P. 4" (Dkt. #55) is GRANTED.
3. The Clerk shall issue the appropriate summonses.
4. Considering the current caronavirus pandemic, and the Court's attendant delay in addressing these motions, the Court extends the deadline for service set in its prior order (Dkt. #53). Plaintiffs must properly serve the remaining defendants within twenty (20) days of the date on which the Clerk issues summonses. No further extensions will be granted. Failure to properly serve the remaining defendants will result in dismissal of this case.

Dated this 26th day of March 2020.

RICARDO S. MARTINEZCHIEF
UNITED STATES DISTRICT JUDGE

ORDER – 3