UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TABATHA FRERKS, et al., | CASE NO. C19-978 RSM |
| Plaintiffs, | ORDER OF DISMISSAL |
| v. | |
| TODD P. WOLF, et al., | |
| Defendants. | |

This matter is before the Court *sua sponte*. After the Court granted dismissal of Plaintiffs' claims against all defendants that had appeared in this action, Dkt. #50, the Court Ordered Plaintiffs to show cause for their failure to file proof of service as to the remaining defendants. Dkt. #51. After Plaintiffs responded, Dkt. #52, the Court concluded that Plaintiffs were unable to demonstrate that they had properly served the remaining defendants. Dkt. #53. Accordingly, the Court ordered Plaintiffs to "properly serve the remaining defendants" by April 6, 2020, and warned Plaintiffs that the action would be dismissed if they failed to properly serve the remaining defendants. *Id.* at 3. Plaintiffs then sought amended summonses, Dkt. #55, and sought leave to proceed *in forma pauperis* ("IFP"), such that the Court would be required to order service by U.S. Marshal. Dkt. #54. Noting the thinly vailed attempt to sidestep the Court's earlier order, and the attempt to manipulate IFP status as a litigation tactic, the Court denied Plaintiffs' requests

ORDER – 1

for IFP status and for service by U.S. Marshall but granted the request for amended summonses. Dkt. #56.  Because of the ongoing coronavirus pandemic, the Court *sua sponte* extended Plaintiffs' deadline for service to April 15, 2020. *Id.* at 3.  The Court again warned Plaintiffs that "[f]ailure to properly serve the remaining defendants will result in dismissal of this case." *Id.*

Plaintiffs have not filed proof that they properly served the remaining defendants in accordance with the Federal Rules of Civil Procedure.  Instead, Plaintiffs filed: (1) Plaintiffs Motion for Leave to File Supplemental Pleadings, Add Defendants and Summonses Pursuant to Fed. R. Civ. P. 15(d); (2) Plaintiffs Renewed Motion for Leave to Proceed In Forma Pauperis in Explanation of Updated Financial Affidavits Under 28 U.S.C. § 1915 and Request for Service of Summonses Pursuant to Fed. R. Civ. P. 4(c)(3); and (3) a Notice of Removal.  Dkts. #58–#60.[1] The Court addresses each in turn.

Plaintiffs' Motion for Leave to File Supplemental Pleadings is noted for consideration after the Court's service deadline and the Court need not consider it.  Even so, to the extent Plaintiffs' jumbled motion makes anything clear, Plaintiffs' 87-page supplemental complaint seeks to add new claims—including against the previously dismissed defendants—and new parties and details prior events appearing to have occurred in Wisconsin and California.  *See generally* Dkt. #58-1.  Plaintiffs entirely ignore that the Court's prior dismissal was based on a lack of personal jurisdiction over the moving defendants.[2]  Dkt. #50.  Regardless, the Court denies the motion as moot.

---

[1] Plaintiffs also appear to have mailed paper copies of the filings to the Clerk of the Court.  Those duplicate filings are included on the docket as Docket No. 61.  As they are duplicate, the Court does not address them.

[2] The Court likewise noted that "[s]imilarly, Plaintiffs do not assert that the three defendants that have not appeared—the Honorable Judge Wolf, Mr. Wyssbrod, and DMW WIS, LLC—have any contacts with the State of Washington."  Dkt. #50 at 4 n.2.

ORDER – 2

The Court views Plaintiffs' Motion to Proceed IFP as an untimely motion for reconsideration and denies it on that basis and on the basis that it is moot. Plaintiffs' motion provides an "explanation of the updated financial affidavits" previously presented to the Court. But the Court denied Plaintiffs' last request to proceed IFP on March 26, 2020. Dkt. #56.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Consequently, the Court will "ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Still further, "[a] motion for reconsideration shall be plainly labeled as such" and "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). Plaintiffs' motion was filed on April 13, 2020, and is untimely, is not clearly labeled as a motion for reconsideration, and fails to provide any manifest error or new facts or legal authority which could not have been previously brought to the Court's attention. The Court denies the motion as untimely, procedurally improper, and moot.

Lastly, Plaintiffs file a "Notice of Removal" seeking to remove this action to the United States Supreme Court. Dkt. #60. The Court disregards this notice. To the extent the notice seeks any relief from this Court, it is premised on allegations that are not contained in the operative complaint and provides no legal basis for any relief from the Court.

Accordingly, having reviewed the record of this matter and Plaintiffs' recent filings, the Court finds and ORDERS that:

1. All of Plaintiffs' claims against defendants Todd P. Wolf, Denis M. Wyssbrod, and DMW WIS LLC are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 4(m).

2. Plaintiffs Motion for Leave to File Supplemental Pleadings, Add Defendants and Summonses Pursuant to Fed. R. Civ. P. 15(d) (Dkt. #58) is DENIED as moot.

ORDER – 3

3. Plaintiffs Renewed Motion for Leave to Proceed In Forma Pauperis in Explanation of Updated Financial Affidavits Under 28 U.S.C. § 1915 and Request for Service of Summonses Pursuant to Fed. R. Civ. P. 4(c)(3) (Dkt. #59) is DENIED as moot, untimely, and procedurally improper.

4. The Clerk SHALL send Plaintiff Charles Frerks a copy of this Order at his last known mailing address.

5. This matter is now CLOSED.

Dated this 16th day of April, 2020.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4